IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS MORENO, JOSEPH SCIALABBA, RUI CARDOSO, CARLOS TIRADO, and ROBERT RANDAZZO on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACK PHELAN CHEVROLET, INC. and JOHN C. PHELAN, JR.,<br><br>Defendants. | Case No.<br><br>Judge |

## COMPLAINT

Plaintiffs Carlos Moreno, Joseph Scialabba, Rui Cardoso, Carlos Tirado, and Robert Randazzo (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, through their attorneys, for their Complaint against Defendant Jack Phelan Chevrolet, Inc. and John C. Phelan, Jr. a/k/a J.C. Phelan ("J.C. Phelan") (Jack Phelan Chevrolet, Inc. and J.C. Phelan are collectively referred to as "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum wages and unpaid commissions.

2. In one or more individual work weeks during the applicable statute of limitations, Plaintiffs were paid pursuant to a Sales Person Compensation Agreement, which paid them commissions plus a salary. A copy of the Sales Person Compensation Agreement is attached as Exhibit A.

3. In one or more individual work weeks during the prior three years, Plaintiffs were paid wages less than the minimum wage required by the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq.,* the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Cook County Minimum Wage Ordinance ("CCMWO"), § 42-13.

4. Plaintiffs also were denied all of the commissions they earned pursuant to the Sales Person Compensation Agreement in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/3, 115/4.

5. Plaintiffs bring their FLSA claims as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative Plaintiffs are attached as Exhibit B.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiffs' IMWL, CCMWO, and IWPCA claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff Carlos Moreno resides in and is domiciled within this judicial district.

10. Plaintiff Carlos Moreno began working for Jack Phelan Chevrolet, Inc. in approximately February 2014, and he ceased working for Defendants in December 2018.

11. Plaintiff Joseph Scialabba resides in and is domiciled within this judicial district.

12. Plaintiff Scialabba began working for Jack Phelan Chevrolet, Inc. in approximately April 2015, and he ceased working for Defendants on January 31, 2018.

13. Plaintiff Rui Cardoso resides in and is domiciled within this judicial district.

14. Plaintiff Cardoso began working for Jack Phelan Chevrolet, Inc. in approximately November 2006, and he is currently employed by Defendants.

15. Plaintiff Carlos Tirado resides in and is domiciled within this judicial district.

16. Plaintiff Tirado has worked for Jack Phelan Chevrolet, Inc. between April 2016 and January 10, 2019.

17. Plaintiff Robert Randazzo resides in and is domiciled within this judicial district.

18. Plaintiff Robert Randazzo began working for Jack Phelan Chevrolet, Inc. in December 2015, he ceased working for Defendants in November 2018.

19. Defendant Jack Phelan Chevrolet, Inc. is an Illinois corporation.

20. Defendant Jack Phelan Chevrolet, Inc. operates a car dealership in Lyons, Illinois.

21. Defendant J.C. Phelan owns and operates Defendant Jack Phelan Chevrolet, Inc.

22. At all times relevant hereto, Plaintiffs were Defendant Jack Phelan Chevrolet, Inc.'s "employee(s)," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

23. At all times relevant hereto, Plaintiffs were Defendant J.C. Phelan's "employee(s)," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

24. At all times relevant hereto, Plaintiffs were Defendant Jack Phelan Chevrolet, Inc.'s "employee(s)," as that term is defined by the IMWL, 820 ILCS 105/3(e).

25. At all times relevant hereto, Plaintiffs were Defendant J.C. Phelan's "employee(s)," as that term is defined by the IMWL, 820 ILCS 105/3(e).

26. At all times relevant hereto, Plaintiffs were Defendant Jack Phelan Chevrolet, Inc.'s "employee(s)," as that term is defined by the IWPCA, 820 ILCS 115/2.

27. At all times relevant hereto, Plaintiffs were Defendant J.C. Phelan's "employee(s)," as that term is defined by the IWPCA, 820 ILCS 115/2.

28. At all times relevant hereto, Plaintiffs were Defendant Jack Phelan Chevrolet, Inc.'s "employee(s)," as that term is defined by the CCMWO, § 42-12.

29. At all times relevant hereto, Plaintiffs were Defendant J.C. Phelan's "employee(s)," as that term is defined by the CCMWO, § 42-12.

30. At all times relevant hereto, Defendant Jack Phelan Chevrolet, Inc. was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

31. At all times relevant hereto, Defendant J.C. Phelan was Plaintiffs' "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

32. At all times relevant hereto, Defendant Jack Phelan Chevrolet, Inc. was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS 105/3(c).

33. At all times relevant hereto, Defendant J.C. Phelan was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS 105/3(c).

34. At all times relevant hereto, Defendant Jack Phelan Chevrolet, Inc. was Plaintiffs' "employer" as defined by the IWPCA, 820 ILCS 105/2.

35. At all times relevant hereto, Defendant J.C. Phelan was Plaintiffs' "employer" as defined by the IWPCA, 820 ILCS 105/2.

36. At all times relevant hereto, Defendant Jack Phelan Chevrolet, Inc. was Plaintiffs' "employer" as defined by the CCMWO, § 42-12.

37. At all times relevant hereto, Defendant J.C. Phelan was Plaintiffs' "employer" as defined by the CCMWO, § 42-12.

38. Defendant Jack Phelan Chevrolet, Inc. is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

4

39. At all times relevant hereto Defendant Jack Phelan Chevrolet, Inc.'s annual gross volume of sales made or business done has exceeded $500,000 per year, exclusive of excise taxes.

40. Defendant J.C. Phelan is involved in the day-to-day business operations of Jack Phelan Chevrolet, Inc.

41. Defendant J.C. Phelan directs and supervises the work of employees, signs on the corporation's checking accounts, including payroll accounts, determines employee compensation and benefits, makes decisions regarding capital expenditures, and hires and fires employees.

## FACTUAL ALLEGATIONS

42. Pursuant to the Sales Person Compensation Agreement, it was agreed that Plaintiffs were entitled to be paid a salary between $100 and $450.

43. Plaintiffs' salary is based on the number of vehicles they sell on average per month on a rolling three (3) month basis.

44. Pursuant to the Sales Person Compensation Agreement between Jack Phelan Chevrolet, Inc. and Plaintiffs, it was agreed that on the sale of new vehicles, Plaintiffs were entitled to be paid a twenty-five percent (25%) to thirty-five percent (35%) commission on the gross profit.

45. Pursuant to the Sales Person Compensation Agreement between Jack Phelan Chevrolet, Inc. and Plaintiffs, it was agreed that on the sale of used vehicles, Plaintiffs were entitled to be paid a twenty-five percent (25%) to thirty-five percent (35%) commission on the gross profit.

46. If a sale does not result in any gross profit, Plaintiffs are entitled to a flat commission of $50 or $100 depending on the length the time the car has been in stock.

47. Notwithstanding its agreement with Plaintiffs, Jack Phelan Chevrolet, Inc. designed and implemented an ongoing scheme whereby it manipulated the gross profits of cars sold thereby

5

reducing its sales representatives' commissions and increasing its own profits.

48. Gross Profit on the sale of a car is calculated by taking the Price the customer paid for the vehicle and by subtracting the Cost, which is Actual Cost plus a Pack of $1,750. The Salesperson should receive the percentage from every dollar of gross profit.

49. The Compensation Plan does not define the term "pack," but it is commonly understood in the industry as overhead costs a dealership incurs as part of maintaining and selling vehicles.

50. This lawsuit alleges that Jack Phelan Chevrolet, Inc. reduces its sales associates' commissions by adding fictitious or inflated amounts into its "vehicle cost."

51. For example, approximately 5 years ago, Jack Phelan Chevrolet, Inc. began including a $175 "gift pack" in its vehicle cost for all vehicles.

52. The "gift pack" is not a true cost.

53. In reality, Jack Phelan Chevrolet, Inc. rarely gives customers gifts.

54. The gifts Jack Phelan Chevrolet, Inc. may provide to customers from time to time cost much less than $175.00.

55. Jack Phelan Chevrolet, Inc. also includes the cost of gas in its vehicle cost, but Jack Phelan Chevrolet, Inc. no longer fills vehicles' gas tanks following a sale of a vehicle.

56. Defendants' addition of fictitious or inflated costs into vehicle sales breaches the Sales Person Compensation Agreement with sales associates and deprives sales associates of earned commissions in violation of the IWPCA.

57. Defendants' practices caused Plaintiffs to be paid commissions based on an incorrect, low amount of Gross Profit.

58. Defendants' practices caused Plaintiffs to be paid an incorrect, low commission rate.

59. When Defendants' sales associates do not make enough in salary and in commissions to earn at least minimum wage in a workweek, Defendants do not pay sales associates additional wages to ensure they earn at least minimum wage.

60. For example, during the work week ending March 25, 2018, Plaintiff Moreno worked approximately 50.5 hours and was paid $100 in salary and $150.00 in commissions. His regular rate for the work week equaled approximately $4.95 per hour ($250/50.5 hours). See the paystub attached to this Complaint as Exhibit C.

61. During the work week ending December 17, 2017, Plaintiff Scialabba worked approximately 50.5 hours and was paid $100 in salary and $0.00 in commissions. His regular rate for the work week equaled approximately $1.98 per hour ($100/50.5 hours). See the paystub attached to this Complaint as Exhibit D.

62. During the work week ending September 29, 2018, Plaintiff Cardoso worked approximately 50.5 hours and was paid $100 in salary and $0.00 in commissions. His regular rate for the work week equaled approximately $1.98 per hour ($100/50.5 hours). See the paystub attached to this Complaint as Exhibit E.

63. During the work week ending August 18, 2018, Plaintiff Carlos Tirado worked approximately 50.5 hours and was paid $100 in salary and $0.00 in commissions. His regular rate for the work week equaled approximately $1.98 per hour ($100/50.5 hours). See the paystub attached to this Complaint as Exhibit F.

64. To the best of his recollection, Plaintiff Robert Randazzo worked approximately 50.5 hours and was paid less than $366 in individual work weeks during the last three years.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act - Failure to Pay Minimum Wage

65. Plaintiffs, on behalf of themselves and the FLSA Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

66. Plaintiffs were entitled to be paid the applicable minimum wage for all hours they worked for Defendants in each individual work week.

67. In one or more individual work weeks during the prior three (3) years, Defendants failed to pay Plaintiffs the applicable minimum wage.

68. FLSA Collective Members were entitled to be paid the applicable minimum wage for all hours they worked for Defendants in each individual work week.

69. In one or more individual work weeks during the prior three (3) years, Defendants failed to pay FLSA Collective Members the applicable minimum wage.

70. Defendants' failure to pay the applicable minimum wage in one or more work weeks to Plaintiffs and FLSA Collective Members violated the FLSA.

71. Defendants' failure to pay the applicable minimum wage in one or more work weeks to Plaintiffs and FLSA Collective Members was willful and intentional.

72. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

73. Defendants made no good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

74. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 *et seq.*

75. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq.*

WHEREFORE, Plaintiffs and other similarly situated persons pray for judgment against Defendants as follows:

    A.    Judgment in the amount of all minimum wages due, as provided by the Fair Labor Standards Act;

    B.    Liquidated damages in an amount equal to the amount of all minimum wages due, as provided by the Fair Labor Standards Act, or in the absence of liquidated damages, prejudgment interest on the amount of minimum wages due;

    C.    Reasonable attorneys' fees and costs incurred in bringing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## SECOND CAUSE OF ACTION

**Violation of the Illinois Minimum Wage Law - Minimum Wage**

76. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

77. Plaintiffs were entitled to be paid the applicable minimum wage for all hours they worked for the Defendants in each individual work week.

78. In one or more individual work weeks during the prior three (3) years, Defendants failed to pay Plaintiffs the applicable minimum wage.

79. Defendants' failure to pay Plaintiffs the applicable minimum wage in one or more work weeks violated the IMWL.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

    A.    Judgment in the amount of all unpaid minimum wages due;

    B.    Damages in the amount of 2% of the amount of the underpayments per month pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Prejudgment interest on the wages owed to Plaintiffs, as allowed by law;

D. Reasonable attorneys' fees and costs incurred in bringing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## THIRD CAUSE OF ACTION

### Violation of the Cook County Minimum Wage Ordinance - Minimum Wage

80. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81. As of July 1, 2017, Plaintiffs were entitled to be paid the applicable minimum wage of $10.00 an hour for all hours they worked for the Defendants in each individual work week through June 30, 2018.

82. As of July 1, 2018, Plaintiffs were entitled to be paid the applicable minimum wage of $11.00 an hour for all hours they worked for the Defendants in each individual work week.

83. In one or more individual work weeks during the prior three (3) years, Defendants failed to pay Plaintiffs the applicable minimum wage.

84. Defendants' failure to pay Plaintiffs the applicable minimum wage in one or more work weeks violated the CCMWO.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Judgment in the amount of all unpaid minimum wages due;

B. Treble Damages on the amount of all minimum wages due, as provided by the Cook County Minimum Wage Ordinance;

C. Prejudgment interest on the wages owed to Plaintiffs, as allowed by law;

D. Reasonable attorneys' fees and costs incurred in bringing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## FOURTH CAUSE OF ACTION
### Violation of the Illinois Wage Payment and Collection Act

85. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

86. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115/3, 820 ILCS 115/4, for Defendants' failure and refusal to pay Plaintiffs all the wages they earned pursuant to the agreement between Plaintiffs and Defendants.

87. Plaintiffs were entitled to be paid commissions based on the sale of new and used vehicles according to the agreement between the Parties.

88. Defendants did not pay Plaintiffs all of the commissions they earned.

89. Defendants failed to pay Plaintiffs according to the agreement between the parties.

90. Defendants' failure to pay Plaintiffs according to the agreement between the parties violated the IWPCA.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Judgment in the amount of all unpaid wages due;

B. Damages in the amount of 2% of the amount of the underpayments per month pursuant to the formula set forth in 820 ILCS 115/14(a);

C. Prejudgment interest on the wages owed to Plaintiffs, as allowed by law;

D. Reasonable attorneys' fees and costs incurred in bringing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## **FIFTH CAUSE OF ACTION**
### Breach of Contract

91. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

92. Plaintiffs accepted Defendants' offer of employment.

93. Defendants agreed to pay Plaintiffs according to the Sales Person Compensation Agreement.

94. Plaintiffs were entitled to be paid commissions based on the sale of new and used vehicles at Jack Phelan Chevrolet, Inc.

95. Defendants breached the parties' contract by failing to pay Plaintiffs their earned commissions in accordance with the parties' agreement.

96. Plaintiffs have been damaged by Defendants' breach of the parties' contract and their failure to pay Plaintiffs their owed wages.

WHEREFORE, Plaintiffs pray for the following relief:

A. Judgment in the amount of all unpaid commissions;

B. Prejudgment interest as provided for by law;

C. Reasonable attorneys' fees and costs of the action; and

D. Such other relief as this Court shall deem just and proper.

                                                              Respectfully submitted,

Dated: January 11, 2019

                                                              /s/Maureen A. Salas
                                                              One of Plaintiffs' Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt - sarendt@flsalaw.com
Zachary C. Flowerree - zflowerree@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, IL 60602
(312) 419-1008

**Attorneys for Plaintiffs**